NOT DESIGNATED FOR PUBLICATION

No. 129,391

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

D.B.,
*Appellant*,

v.

M.P.,
*Appellee*.


MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.


*D.B.*, appellant pro se.


No appearance by appellee.


Before WARNER, C.J., ISHERWOOD and HURST, JJ.


PER CURIAM: This appeal arises from Mother and Father's ongoing custody dispute regarding their minor child. After briefly residing in Kansas and obtaining a court ordered parenting plan, Mother relocated with the child to her home state of Alabama. As a result of that move, Father sought to modify the parenting plan to have the child remain in Kansas, which the district court denied.

Father appeals the district court's denial of his motion to modify and thus its decision to permit Mother to relocate with the child to Alabama. The district court is afforded broad discretion in matters of child custody, parenting time, and residency, and

1

absent a finding of an abuse of that discretion, this court will not reverse those decisions. Finding no abuse of the district court's discretion, its denial of Father's motion to modify is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Father and Mother's custody proceedings began in Alabama, where the court awarded Mother primary residential custody of the child. Mother later remarried, and her spouse, a member of the United States Military, was subsequently transferred to Fort Riley, Kansas. Mother notified Father of her intent to relocate to Kansas with the child, and Father filed a motion in the Alabama court challenging the move. In July 2022, the Alabama court denied Father's motion, determined that relocation was in the child's best interests, and granted Father parenting time that considered the distance between Mother's and Father's residences.

Mother and the child relocated to Kansas in August 2022. Father later moved to Kansas. Before Father's relocation, he exercised parenting time in accordance with the then applicable distance parenting time schedule. It appears the parties followed that distance parenting time arrangement for almost a year and a half.

Upon relocating to Kansas, Father filed a motion to modify his parenting time. The district court held a hearing in March 2024 where it granted Father's motion and awarded Father certain summer and holiday parenting time along with weekend parenting time on the first, third, and fifth weekends of each month. This modification resulted in Father having more non-holiday break parenting time, which meant more regular and consistent parenting time than Father was able to exercise when the parents lived in different states.

In April 2024 and January 2025, Father again moved to modify parenting time. In his April 2024 motion, Father requested joint legal custody and raised issues not relevant to this appeal. In his January 31, 2025 motion, Father stated that Mother claimed to have given him five months' written notice of her intent to move back to Alabama with the child and requested that the court either prohibit the relocation or preserve the parenting time ordered at the earlier hearing. About one year after Father relocated to Kansas to be closer to the child, Mother moved back to Alabama with the minor child some time in February 2025.

The district court conducted an evidentiary hearing in June 2025—after Mother had already relocated to Alabama with the child—to address Father's motions. Mother testified that she had attempted to notify Father of the move by certified mail at the last known address she had for him and that the two had later spoken over the phone about her plans to return to Alabama. Mother also testified that before Father filed the motion to modify in January 2025, Father had told her he knew she was moving and that he did not plan to stay in Kansas. Mother also stated that she did not plan to relocate again after resettling in Alabama. Father confirmed that he knew Mother was relocating back to Alabama, but not the specific date of his knowledge. Father also stated that he intended to move to Alabama in November 2025—though he later indicated he did not wish to relocate. Mother made an oral motion to temporarily modify the parenting plan, which the district court denied. The court clarified that denying Father's modification motion would leave the existing orders in place pending any future review by an Alabama court.

The district court issued a decision in July 2025, denying Father's requests for modification of the March 2024 parenting plan. Regarding Father's April 2024 motion to modify, the court found some issues moot and held the evidence did not support modification of parenting time. For Father's January 31, 2025 motion, the court addressed his primary complaint—that Mother had returned to Alabama from Kansas—and found Father had actual notice of the move prior to Mother's relocation. The court emphasized

3

that even if Mother had failed to fully comply with the notice statute because she failed to effectuate written notice to Father by restricted mail, Father failed to meet his burden of showing that she did not provide any notice.

The court further acknowledged that relocation is a material change of circumstances. Nonetheless, the court found Mother generally relocated because of her spouse's military job and that Father had typically followed Mother to remain near the child. The court found that even if Mother failed to provide statutory notice before relocating, Father knew that Mother might relocate again due to her spouse's military role. The court also found that Father likely understood the move to Kansas would be temporary. Given this context, the court expressed its belief that Father may have challenged the relocation and stated an intent to remain in Kansas in an attempt to obtain residential custody of the child.

The district court found it remained in the child's best interests for Mother to maintain primary residential custody and that Mother did not make the move back to Alabama with the intent to damage or inhibit Father's relationship with the child. The court concluded that Father failed to present any credible evidence justifying an order giving him primary residential custody under the factors identified in K.S.A. 23-3203(a). The court also reiterated its decision to deny Mother's oral motion to temporarily modify the custody order. The court admitted that the geographical distance between the parties might require additional litigation but found that the existing parenting plan from March 2024 was likely workable since Father testified at one point that he intended to relocate closer to Alabama. Therefore, the court denied Father's motion to modify parenting time.

DISCUSSION

Father appeals the district court's July 2025 order denying his motion and permitting what he frames as Mother's "unlawful" relocation to Alabama. Mother did not file a responsive brief. The primary question Father raises is whether the district court abused its discretion in finding it was in the child's best interests to relocate to Alabama with Mother. Father also raises a due process claim and alleges the district court acted with bias. Because the district court is in the best position to assess a child's best interests, this court reviews decisions about a child's custody, residency, visitation, or parenting time—including modification of orders—for an abuse of discretion. See *State, ex rel. Secretary, DCF v. M.R.B.*, 313 Kan. 855, 861-62, 491 P.3d 652 (2021). An abuse of discretion occurs when: (1) no reasonable person would adopt the district court's view; (2) the ruling is based on an error of law; or (3) "substantial competent evidence does not support a district court's finding of fact on which the exercise of discretion is based." *M.R.B.*, 313 Kan. at 862. To the extent Father's appeal raises questions of law, we exercise unlimited review. See *Nicholson v. Mercer*, 319 Kan. 712, 714, 559 P.3d 350 (2024).

*The district court did not abuse its discretion in declining to modify parenting time.*

The district court is permitted to modify any prior order of custody, residency, visitation, or parenting time upon a showing of a material change in circumstances. K.S.A. 23-3218(a). The party seeking modification carries the burden to establish a material change of circumstances. *M.R.B.*, 313 Kan. at 861-62. If the district court finds there is a material change of circumstances, it then determines whether the requested modification is in the best interests of the child under those changed circumstances. 313 Kan. at 865.

The removal of a child from the state "may be considered a material change of circumstances which justifies modification of a prior order of legal custody, residency,

5

child support or parenting time." K.S.A. 23-3222[c]. The district court "consider[s] all factors the court deems appropriate" in determining whether to grant a motion seeking modification based on the child's removal from the state including: "(1) The effect of the move on the best interests of the child; (2) the effect of the move on any party having rights granted under this article; and (3) the increased cost the move will impose on any party seeking to exercise rights granted under this article." K.S.A. 23-3222(c).

The questions before the district court were whether there had been a material change in circumstances and whether that material change justified modification of the March 2024 parenting plan. This court agrees with the district court's determination that a material change in circumstances occurred here. Mother's relocation to Alabama from Kansas—when Father had already relocated to Kansas to be near the child and a parenting plan existed in Kansas where Father had regular, consistent parenting time—is a material change in circumstances permitting modification of the existing custody and parenting time order.

Even after finding a material change in circumstances, the district court concluded that Mother's relocation did not justify modification of the existing parenting time order. The district court considered that both parties likely knew Kansas would be a temporary relocation—which is a unique circumstance to this case. The court further found that Father had consistently relocated to maintain proximity to the child and that, despite some contrary testimony at the hearing, Father also intended to relocate closer to Alabama which would allow the March 2024 parenting plan to remain workable. The court determined Mother was not "trying to evade her duties of notification or disrespect the relationship the child has with [Father]" and found Father "presented no credible evidence in support of any of the factors in K.S.A. 23-3203 that would justify ordering the minor child to have primary placement with [Father]."

Father argues the district court's order resulted in "an unlawful de facto modification" because Father cannot exercise parenting time under the terms of the March 2024 parenting plan when Mother resides in another state with their minor child. Father is not wrong. The exact terms of the March 2024 parenting plan likely cannot be exercised while Mother and Father reside in different states. Having found the district court's decision resulted in a modification to the existing parenting plan, this court must determine whether the district court's decision to deny Father's modification request constituted an abuse of the court's discretion.

As explained herein, the district court abuses its discretion when its decision is based on an error of law, error of fact, or is so unreasonable as to be arbitrary in that no reasonable person would make that same decision. *M.R.B.*, 313 Kan. at 862. Father first alleges the district court abused its discretion because it made an error of law in that "Kansas courts cannot permit relocation absent statutory compliance," and that "Kansas law prohibits modification of a parenting plan 'by implication' or 'in effect' without statutory compliance." But Father cites no legal authority in support of that proposition. Father erroneously cites K.S.A. 23-3222, which merely governs the notice a custodial parent must give when they intend to relocate a child's residence and describes the factors a court may consider when evaluating a motion to modify based on such relocation. This court is not aware of any legal authority automatically, or per se, prohibiting one parent from relocating with the minor child.

Here, in compliance with the applicable statute, the district court considered the effect of the move on the child's best interests and on Father's parenting time. See, e.g., K.S.A. 23-3222(c). The district court considered Father's willingness and ability to relocate and the fact that Father had previously exercised long-distance parenting time. For example, the record shows that Father relocated from Colorado to Georgia when Mother moved from Colorado to Alabama; and Father also relocated to Kansas after Mother's move to this state. When Mother and the child lived in Alabama, Father resided

7

approximately 230 miles away in Georgia. He testified that during that time, he was allowed "one monthly visitation, the majority of the holidays, and the six weeks in the summer." While this is different from the parenting time Father exercised while they both resided in Kansas, it is not insignificant or irregular.

Mother's move to Alabama is intended to be permanent, as Mother's family is in that area, and it appears Mother's spouse is leaving his military position. It also appears, from the record, that Father knew that Mother's Kansas relocation was not intended to be permanent. This court is not unmoved by Father's frustration or plight and recognizes that when the parents both resided in Kansas, Father was able to exercise more non-holiday, and thus more frequent, parenting time. And that is important. However, the child's primary residence has consistently been with Mother, including most of the child's regular school-week time; the child has a significant connection to Alabama; Father and the child do not have familial connections to Kansas; and Father would be able to exercise significant, regular parenting time even if he remains in Kansas. Moreover, the parties have previously exercised a long-distance parenting plan and did so for longer than they exercised the same-state parenting plan in Kansas.

Father points to no error of fact that the district court relied on that would support a finding that its decision constitutes an abuse of discretion, and this court finds none. Therefore, the district court's decision can only constitute an abuse of discretion if it was so far afield that no reasonable person would agree. See *M.R.B.*, 313 Kan. at 862. Once again, Father has failed to make such a showing.

Given the parties' extensive history with living in different states, the short-lived residency of both parents in Kansas, the known intent that Mother's residence in Kansas would be temporary, and the child's consistent primary residency with Mother, Father failed to show that the district court's decision was so unreasonable as to constitute an abuse of discretion. Moreover, given these facts, the district court's determination that

8

Father likely intends to relocate closer to Alabama is also not unreasonable. The district court's findings are consistent with the statutory factors considered when one parent wants to relocate outside of Kansas. See K.S.A. 23-3222(c).

Despite Mother's move to Alabama constituting a material change in circumstances, the district court concluded it was not in the child's best interests to modify the existing orders to give Father primary physical custody and have the child remain in Kansas. Father failed to show the district court abused its discretion in finding that even with Mother's relocation to Alabama, it was in the child's best interests to remain with Mother. Even so, this court must also address Father's argument that Mother failed to comply with the statutory notice requirements for her relocation to Alabama.

*The district court did not violate Father's due process rights in finding Mother's relocation notice sufficient.*

Father alleges the district court violated his due process rights by allowing Mother to relocate with the child despite Mother's failure to comply with the relocation notice requirements of K.S.A. 23-3222(a). A parent has a constitutional right to notice, along with an opportunity to be heard on matters affecting custody of their child. See *Strecker v. Wilkinson*, 220 Kan. 292, 295-96, 552 P.2d 979 (1976).

A parent with legal custody must "give written notice to the other parent not less than 30 days prior to . . . removing the child from [Kansas] for a period of time exceeding 90 days." K.S.A. 23-3222(a). Such notice must be sent by restricted mail with return receipt. K.S.A. 23-3222(a). The parent's failure to give notice as required "is an indirect civil contempt punishable as provided by law," and the statute authorizes the court to "assess, against the parent required to give notice, reasonable attorney fees and any other expenses incurred by the other parent by reason of the failure to give notice." K.S.A. 23-3222(b).

9

According to Mother's testimony, she attempted to provide statutorily required written notice by sending Father a certified letter in October 2024 to the address she had listed for him from prior court filings. According to Father, at the time Mother alleged to have provided notice, he no longer resided at the address Mother used for that notification. The record shows that Father moved about three times within a six-month period around the time Mother claims to have sent notice, and Father admitted he did not notify Mother of those address changes. Even so, it does not appear that Mother provided evidence of the certified mailing at trial, and Mother admitted that she did not receive a return receipt or any confirmation that Father received the notice she mailed. Yet, Father became aware of Mother's intent to relocate, and on January 31, 2025, he filed a motion opposing the child's relocation and requesting to modify the custody order. During that hearing, Mother testified that she spoke with Father in December 2024 and he stated that he knew of Mother's intended move and that he did not intend to stay in Kansas.

The district court held a hearing regarding Mother's relocation with both parents present, although months after Mother's move. Father does not contend he lacked an opportunity to be heard but complains that he did not receive notice in conformity with the statutory requirements of K.S.A. 23-3222(a). Mother admitted at the hearing that she failed to effectuate notice of her intent to relocate with the child to Father's correct address. However, the record reflects that Father had notice of Mother's intent to relocate at some time prior to the move and with time to file a motion challenging the relocation. Father has failed to show that his due process rights were violated by any shortcomings in Mother's notice. See *Trunck v. Pond*, No. 116,548, 2017 WL 3001301, at *3 (Kan. App. 2017) (unpublished opinion) (finding father suffered no harm or prejudice by mother's failure to fully comply with K.S.A. 23-3222[a]).

10

Moreover, the district court concluded that even if Father only received notice of Mother's intent to relocate just before his filing, and thus not 30 days prior to the move, that timing did not provide "a basis to uproot primary residential placement." The district court found Mother's testimony credible and that she had no malicious intent in her move or failure to provide statutory notice of the move. As the district court concluded, Mother's failure to effectuate statutory notice does not automatically prevent her move. Instead, the court considers the child's best interests when evaluating Father's request to modify the custody order, and Mother's failure to give statutory notice can be a factor in that evaluation. As explained above, the district court properly considered the factors identified in K.S.A. 23-3222(c), and this court finds no abuse of discretion in its decision to deny Father's motion. In short, Mother's failure to give notice in accordance with the statutory requirements does not prevent the district court from permitting her relocation with the child.

*Father failed to demonstrate any bias from the district court.*

Lastly, Father argues the district court exhibited bias when it allowed Mother to relocate despite her failure to comply with the notice requirements under K.S.A. 23-3222(a). Courts must ensure proceedings are infused with impartiality. "Our judicial system derives its authority from being fair and just. To accomplish this, the courts and officers of the court must maintain an image of fairness and impartiality in the administration of justice." *In re Shepard*, 310 Kan. 1017, 1023, 453 P.3d 288 (2019); see Supreme Court Rule 601B, Canon 1, Rule 1.2 (2026 Kan. S. Ct. R. at 487); Supreme Court Rule 601B, Canon 2, Rules 2.2 and 2.3 (2026 Kan. S. Ct. R. at 489).

In support of this argument, Father provides no evidence of bias other than the district court's adverse rulings. Moreover, Father never moved for a change of judge due to alleged bias. See *State v. Sawyer*, 297 Kan. 902, 905-06, 305 P.3d 608 (2013) (where the Kansas Supreme Court addressed bias in the context of recusal under K.S.A. 20-

11

311d). A party may allege that a judge is biased or partial and seek that judge's removal from the matter based on that bias. K.S.A. 20-311d(a). However, "previous rulings or decisions by the judge on legal issues . . . shall not be deemed legally sufficient for any belief that bias or prejudice exists." K.S.A. 20-311d(d). Here, Father relies solely on the district court's adverse rulings to support his claim of bias. While the district court clearly found Mother more credible, that does not demonstrate bias. The district court's July 2025 order accurately described the unique circumstances of this case and appropriately applied the law to the facts to determine what was in the child's best interests. Having found the district court did not abuse its discretion in its rulings, and after a review of the record, this court finds no evidence of judicial bias or partiality.

CONCLUSION

This court is mindful that maintaining parenting time with a child residing in another state presents real challenges for Father and also impacts the minor child. The physical and mental toll of traveling such a distance, the increased expense, and the likely increase in time between each visit are all important and significant considerations. However, under the unique circumstances of this case, Father has failed to show that the district court abused its discretion in its decision. The district court's judgment denying Father's motion to modify parenting time and permitting Mother's relocation to Alabama with the minor child is affirmed.

Affirmed.

12